UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**TOMMY ROBINSON**               **CASE NO.  3:22-CV-06165**

**VERSUS**                       **JUDGE TERRY A. DOUGHTY**

**SECURITAS SECURITY ET AL.**    **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, are three motions: (1) a motion to dismiss for failure to state a claim upon which relief can be granted [doc. #8], filed by Defendants Teresa Johnson, Securitas Security Services USA Inc. (hereinafter, "Securitas"), and Eddie Walls (collectively, "Defendants"); (2) a motion to dismiss for failure to state a claim upon which relief can be granted [doc. #16], filed by Defendants; and (3) a motion to file extra exhibits [doc. #22], filed by Plaintiff Tommy Robinson.  For reasons assigned below, it is recommended that Defendants' second motion to dismiss [doc. #16], be GRANTED IN PART and DENIED IN PART.  It is further recommended that Defendants' first motion to dismiss [doc. #8], be DENIED AS MOOT.[1]  It is ordered that Plaintiff's motion to file extra exhibits [doc. #22] is GRANTED.[2]

---

[1] Defendants' second motion to dismiss incorporates their first motion to dismiss; thus, the first motion to dismiss should be denied as moot.

[2] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

**Background**

Plaintiff worked as a security guard for Securitas from January 2018 until his termination on August 15, 2022. [doc. #16-2]. Approximately three months later, on November 21, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Securitas discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. *Id.* On December 9, 2022, Plaintiff, proceeding pro se, filed the instant civil rights lawsuit, citing Section 706(f) of the Civil Rights Act of 1964 in his complaint. [doc. #1]. Plaintiff attached his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated December 6, 2022. [doc. #1-1].

On March 9, 2023, in response to Defendants' first motion to dismiss, Plaintiff filed an Amended Complaint. [doc. #13]. Therein, Plaintiff alleges that his supervisor, Teresa Johnson, subjected him to discrimination based on his race and his age. *Id.* at 1. Specifically, Plaintiff alleges that Johnson attempted to disparage him in front of other employees and informed new hires that they were not to listen to him because of his age. *Id.* Plaintiff further alleges that Johnson changed his work assignment without justification and directed discriminatory statements towards him for several months prior to his termination. *Id.* Plaintiff also alleges that Johnson intended to humiliate him because of his age and race. *Id.* Finally, Plaintiff alleges that Securitas permitted other similarly situated employees to transfer rather than face termination. *Id.*

On March 23, 2023, Defendants filed their second motion to dismiss for failure to state a claim. [doc. #16]. Therein, Defendants seek dismissal on five grounds: (1) Plaintiff's complaints do not identify any facts to alter the at-will employment presumption under Louisiana law; (2) Title VII does not provide causes of action for age-based discrimination, harassment, or retaliation;

2

(3) Plaintiff failed to exhaust administrative remedies as to his race-based claims; (4) Plaintiff does not allege any viable legal claim against Johnson; and (5) Plaintiff does not state any cause of action against Walls.

On April 14, 2023, Plaintiff filed his opposition. [doc. #20]. Therein, he argues that his complaints satisfy the Rule 8 standard, and, therefore, Defendants' motions should be denied. *Id.* Plaintiff also argues that his complaints should be liberally construed because of his pro se status. *Id.*

On April 20, 2023, Defendants filed their reply. [doc. #21].

On May 1, 2023, Plaintiff filed a motion for leave to file "extra exhibits." [doc. #22]. Plaintiff seeks to file documents expanding on the factual allegations in his complaints. *Id.* On May 15, 2023, Defendants filed their opposition to Plaintiff's motion. [doc. #24].

Briefing is complete. Accordingly, this matter is ripe.

## Discussion

I.  *Legal Standard*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief, inter alia, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 663. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 663. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*,

4

556 U.S. at 663. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice"—including public records. *Dorsey*, 540 F.3d at 338; *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (proper to take judicial notice of matters of public record).

II.    *Analysis*

Plaintiff alleges that Defendants discriminated against him because of his race and age, as well as retaliating against him. [doc. #13]. Thus, the Court construes his complaint to allege causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq*; and the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*. *See Skinner v. Switzer*, 562 U. S. 521 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument.").

Title VII prohibits an employer from failing or refusing to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000(e)-2(a)(1). At the pleading stage, a plaintiff "need not submit

5

evidence to establish the prima facie case for discrimination"; however, "she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible." *Davis v. Tex. Health & Human Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019).

Similarly, the ADEA prohibits an employer from "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *see also McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455–56 (5th Cir. 2019). "To establish an ADEA claim, the plaintiff must show that his age was the 'but-for' cause of his termination—proving that age was a 'motivating factor' for the decision is not enough." *Id.* (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)); *see also Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010) ("[T]he Supreme Court rejected the application of Title VII's 'motivating factor' standard to ADEA cases.").

Finally, both Title VII and the ADEA prohibit an employer from retaliating against him for exercising rights under those statutes. *See* 42 U.S.C. § 2000e–3(a) (Title VII prohibits retaliation against an employee "because" that employee has "opposed any practice made an unlawful employment practice" by the statute.); 29 U.S.C. § 623(d) (The ADEA makes it unlawful "for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.").

A. *Assertion of Age-Based Claims under Title VII*

First, Defendants argue that Plaintiff cannot assert age-based claims under Title VII, and, thus, all his age-based claims should be dismissed.

6

At the outset, the undersigned recognizes that the only federal authority Plaintiff cited in his Complaint was "Section 706(f) of the Civil Rights Act of 1964."[3] [doc. #1]. Section 706 is codified at 42 U.S.C. § 2000e-5 and contains the administrative requirements for the filing of a Title VII charge of discrimination with the EEOC, as well as the authority of and procedures followed by the EEOC when investigating such claims. Although the ADEA has similar exhaustion requirements, Plaintiff did not cite those. 29 U.S.C. §626(d); *see also Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489 (5th Cir. 2010) ("[A] plaintiff must first exhaust his or her administrative remedies for claims brought under the ADEA, the TCHRA, and Title VII before filing suit.") (citing *Foster v. Nat'l Bank of Bossier City*, 857 F.2d 1058, 1060 (5th Cir. 1988)). To the extent that Plaintiff seeks to assert age-based claims under Title VII, the undersigned agrees that he cannot proceed under that statute. [doc. #16-1, pp. 7–8]. Thus, to this extent, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

However, that is not the end of the analysis. The ADEA, not Title VII, prohibits discrimination and harassment based on age, but Plaintiff was not required to cite the applicable federal statute in his Complaint. "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013). Moreover, in his EEOC charge of discrimination, Plaintiff alleges that Securitas discriminated against him based on his age in violation of the ADEA. [doc. #16-2]. Plaintiff obviously alleges age-based claims; thus, these claims arise under the ADEA, and the undesigned has considered them accordingly below.

---

[3] His civil cover sheet indicates that he is asserting an employment claim, and, when asked to provide a statutory cite, he refers to 42 U.S.C. § 1983. [doc. #1-2]. Plaintiff does not, however, cite to § 1983 in his substantive filings, nor has he made allegations to support such a claim. Accordingly, the undersigned finds that he is not asserting a § 1983 claim against a private company and individuals.

7

B. *Individual Liability under Title VII and the ADEA*

Plaintiff has apparently asserted claims against Theresa Johnson and Eddie Walls under Title VII and the ADEA. However, "individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 276, 382 (5th Cir. 2003). Thus, "a plaintiff may not maintain a Title VII claim against both his employer and the agents or employees of his employer." *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. Mar. 27, 2013) (citing *Ackel*, 339 F.3d at 382). Likewise, individuals are not liable under the ADEA. *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 247 (5th Cir. 2017) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001)).

As Plaintiff cannot assert Title VII or ADEA claims against the individual Defendants named in this suit, it is RECOMMENDED that Defendants' Motion to Dismiss be granted to this extent and that the claims against Johnson and Walls be dismissed with prejudice. *See Malcolm*, 709 F. App'x at 247.

C. *Claims Against Securitas*

Plaintiff has also asserted claims against Securitas. In evaluating these claims, the Court must consider that Plaintiff is proceeding pro se. "[H]is complaint is held to less stringent standards than formal pleadings drafted by lawyers." *Clark v. Huntleigh Corp.*, 199 F. App'x 666, 667 (5th Cir. 2005) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)) (internal quotation marks omitted). Furthermore, because of Plaintiff's pro se status, the Court must examine all of his complaint, including the attachments, and, in this case, the subsequently filed "exhibits." *See id.*; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (courts are required to look beyond pro se plaintiff's formal complaint and to consider materials subsequently filed as

amendments). Thus, the undersigned GRANTS Plaintiff's motion to file exhibits [doc. #22] and will consider the factual allegations contained therein as part of Plaintiff's complaint.[4]

In his amended complaint, Plaintiff alleges that Johnson, his supervisor, attempted to disparage him in front of other employees and informed new hires that they were not to listen to him because of his age. [doc. #13, p. 1]. Plaintiff further alleges that Johnson changed his work assignment without justification and directed discriminatory statements towards him for several months prior to his termination. *Id.* Plaintiff alleges that Johnson intended to humiliate him because of his age and race. *Id.*

Plaintiff also alleges that Securitas permitted other similarly situated employees to transfer rather than face termination. *Id.* In his supplemental exhibits, Plaintiff alleges that three white co-workers who refused to work under Johnson were transferred to another job site. [doc. #22-1, p. 3]. Plaintiff, who is black, was not transferred to another work site; he was terminated by Walls, the District Manager, after he complained about Johnson's alleged behavior. *Id.*

Plaintiff also attached a "personnel action form" indicating that he was involuntary terminated on August 15, 2022. *Id.* at 4. According to the form, Walls terminated Plaintiff after he "continued to be disruptive or have inappropriate conversations at work" despite being asked to cease the inappropriate conversations. *Id.*

Liberally construing Plaintiff's pleadings, he appears to assert the following claims: (1) racial discrimination under Title VII; (2) racial harassment under Title VII; (3) race-based retaliation under Title VII; (4) age-based harassment under the ADEA; (5) age-based retaliation under the ADEA; and (6) age-based discrimination under the ADEA.

---

[4] As the allegations in the so-called exhibits are incorporated into the complaint, they are appropriately considered without converting the motion to dismiss to a motion for summary judgment.

Defendants argue that Plaintiff failed to exhaust his Title VII claims, but did not specifically analyze the claims under the ADEA. However, the undersigned finds that the exhaustion arguments presented are equally applicable to Plaintiff's ADEA harassment and retaliation claims and considers them sua sponte.[5]

1. *Exhaustion of Title VII Claims*

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc*. 296 F.3d 376, 378–379 (5th Cir. 2002); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir. 1996). A Title VII plaintiff exhausts administrative remedies when he files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id*. In a "deferral state" such as Louisiana,[6] the Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory employment action. 42 U.S.C. § 2000e-5(e)(1); *Janmeja v. Board of Supervisors of Louisiana State University,* 96 F. App'x. 212, 214 (5th Cir. 2004); *Burrell v. Brown,* 228 F.3d 410 (5th Cir. 2000) (unpubl.).

Once the plaintiff has exhausted administrative remedies by presenting his claim to the EEOC and received a right to sue letter, he must file suit in federal court within 90 days of receipt

---

[5] The Court may recommend dismissal *sua sponte*, so long as it provides notice of its intention and an opportunity to respond. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (fairness requires both notice of the court's intention and an opportunity to respond before dismissing *sua sponte*). This Report & Recommendation shall provide the Parties with the required notice—they may respond by objecting to the R&R consistent with the procedure outlined below.

[6] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n.1 (5th Cir. 1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since that time. La. R.S. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct. 1997); G. Huffman, *The Louisiana Commission on Human Rights--Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM Pizza, Inc.,* Civ. No. 03-2219, 2004 WL 2216530, at *3, n.1 (E.D. La. Sept. 30, 2004).

of the EEOC's notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). The failure to exhaust administrative remedies or to file suit in federal court in a timely manner renders the Title VII case subject to dismissal. *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979). Indeed, "[a] judicial complaint that fails to allege exhaustion of administrative remedies or that the plaintiff should for some adequate reason be excused from this requirement is properly subject to dismissal." *Id.*[7]

Here, it is uncontested that Plaintiff filed a timely EEOC charge of discrimination and timely brought suit. [doc. #16-1, p. 9]. However, Defendants contend that Plaintiff's charge alleges age discrimination claims, not race-based claims. *Id.* Thus, Defendants argue that any race-based claims are not exhausted.

Plaintiff's EEOC questionnaire is not before the Court; Plaintiff did not attach it to his complaint or his subsequent filings, and Defendants have not provided it. However, in his EEOC Charge of Discrimination,[8] Plaintiff does not allege race-based discrimination, retaliation, or harassment. Rather, Plaintiff alleges the following:

> I began my employment with Securitas Security Service on January 26, 2018, as a Security Guard most recently earning $11.75 per hour. On August 15, I had an appointment to get expired ID badge renewed and I advised the plant manager of my appointment and need to get it renewed. In response, she refused to let me make

---

[7] Title VII's charge-filing requirement is not jurisdictional. *Fort Bend Cty., Texas v. Davis*, U.S. ___, 139 S.Ct. 1843, 1850 (2019). Therefore, the issue may be raised and addressed within the context of a Rule 12(b)(6) motion.

[8] Defendants attach Plaintiff's EEOC Charge of Discrimination to their motion to dismiss. "The Court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion." *Wilson v. Lockheed Martin Corp.*, Civ. No. 03-2276, 2003 WL 22384933, at *2 (E.D. La. Oct. 15, 2003) (citing *Cincel v. Connick*, 15 F.3d 1338, 1343, n. 6 (5th Cir. 1994)). Thus, the Court may consider the EEOC charge of discrimination without converting the instant motions to dismiss into motions for summary judgment. *See Prewitt v. Continental Automotive*, 927 F. Supp. 2d 435, 447 (W.D. Tex. Feb. 26, 2013) (citing *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n. 1 (N.D. Tex. Aug. 9, 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested.")).

>  the appointment. I then went to see Ms. Amy Womack in training to ask if it was okay for me to come for the training class that day and she said to have a seat and she gave me the test required to renew my badge without difficulty. Teresa Johnson, my supervisor, still refused to allow me to renew my badge for some odd reason. I was discharged on August 15, 2022. The company employs over 501 people. According to the company, I was discharged for being disruptive and for having inappropriate conversations, and that I had been apparently advised of this before. I believe I have been discriminated against because of my age (71 years) in violation of the Age Discrimination [in] Employment Act of 1967.

[doc. #16-2, p. 1].

While Plaintiff argues that his EEOC right-to-sue letter shows that he exhausted his administrative remedies as to all his claims, he does not plead that he raised any claims other than age discrimination in his EEOC charge. And because Plaintiff raised only age discrimination claims, it is not reasonable to expect an EEOC investigation into race-based claims to grow from Plaintiff's charge. *See Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (plaintiff failed to exhaust disparate-impact claim where administrative charge could not reasonably have been expected to trigger an EEOC investigation as to that claim). Therefore, Plaintiff's claims of racial discrimination, harassment, and retaliation have not been exhausted. *See Williams v. Health Tex. Provider Network*, No. 3:16-cv-391-M-BK, 2017 WL 2608813, at *3 (N.D. Tex. June 1, 2017) (citing *Randel v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (plaintiff failed to exhaust administrative remedies with respect to a race discrimination claim when he pled in the charge of discrimination only claims for reprisal and disability discrimination)). Accordingly, it is RECOMMENDED that Defendants' Motion to Dismiss should be granted to this extent and that Plaintiff's Title VII race-based claims be dismissed without prejudice.

2. *Exhaustion of ADEA Claims*

There is no dispute that Plaintiff filed an EEOC charge alleging age *discrimination* under the ADEA. Rather, Defendants argue that Plaintiff failed to exhaust his age-based *harassment and*

12

*retaliation* claims.[9]  As discussed above, a plaintiff's complaint may include only those claims within the scope of the EEOC charge or those that could reasonably have been expected to grow out of the charge.  *Sosebee v. Tex. Alcoholic Bev. Comm'n*, 906 F. Supp. 2d 596, 600 (N.D. Tex. Oct. 16, 2012).  Thus, a plaintiff is "constrained to claims that are 'like or related to' the allegations contained in the charge." *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970)).  In this context, courts consider two competing principles when determining whether a plaintiff has exhausted his or her administrative remedies as to a particular claim: (1) administrative charges are construed liberally, as they are usually prepared by laypersons; and (2) "the charge must contain an adequate factual basis to put the employer on notice of the nature of the charges, allowing the EEOC an 'opportunity to attempt to obtain voluntary compliance.'"  *Id.* (quoting *Sanchez*, 431 F.2d at 467).

Exhaustion of a discrimination claim does not automatically exhaust a harassment or retaliation claim.  *See Sosebee*, 905 F. Supp 2d at 601 (citing *Lacy v. Dallas Cowboys Football Club,* No. 11–CV–0300, 2012 WL 2795979, at *4 (N.D. Tex. July 10, 2012) (holding that sex-based disparate treatment charge did not exhaust a sexual harassment claim); *Cargo v. Kan. City Southern,* No. 05–2010, 2009 WL 3010842, at *3 (W.D. La. Sept. 16, 2009) (holding harassment claim not exhausted by alleging discriminatory events)); *see also Pancheo*, 448 F.3d at 792 (discrimination-based administrative charge did not exhaust disparate-impact claim where the charge facially alleged only disparate treatment, identified no neutral employment policy, and complained only of past incidents of disparate treatment).  Here, Plaintiff's EEOC Charge facially alleged age discrimination—not harassment or retaliation.  Furthermore, it contains no allegations

---

[9] As discussed above, Defendants address Plaintiff's age-based claims under Title VII rather than the ADEA. Regardless of the cause of action that Plaintiff's claims arise under, Defendants' exhaustion arguments are still relevant.

of harassment or retaliation; Plaintiff notes that he was discharged after his supervisor refused to allow him to "renew his badge." [doc. #16-2]. He also notes that, according to Securitas, he was discharged "for being disruptive and for having inappropriate conversations." *Id.* None of these factual allegations suggest age-based harassment or that he was retaliated against for asserting rights protected under the ADEA. Thus, based on the facts (or lack thereof) contained in the EEOC charge, it is not reasonable to expect that an EEOC investigation of age-based harassment or age-based retaliation would grow out of the charge of discrimination. *See Sosebee*, 906 F. Supp. 2d at 601; *see also Sanchez*, 431 F.2d at 463 ([T]he crucial element of a charge of discrimination is the factual statement contained therein."). Therefore, it is RECOMMENDED that Plaintiff's harassment and retaliation claims under the ADEA be dismissed without prejudice.

3. *Remaining ADEA Discrimination Claim*

To establish a discrimination claim under the ADEA, a plaintiff must establish that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age."[10] *Malcolm*, 709 F. App'x at 247 (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)) (internal quotation marks omitted). Importantly, "an employment-discrimination complaint does not need to 'include specific facts establishing a prima facie case of discrimination.'" *Jackson*, 441 F. Supp. 3d at 361 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). Rather,

---

[10] An additional element of any ADEA claim is the employee-numerosity requirement. *French v. Applied Psychology Grp. Of Texoma, PA*, 245 F. Supp. 3d 824, 826 (E.D. Tex. Mar. 24, 2017) (quoting 29 U.S.C. § 630). A plaintiff must allege that an employer employed at least 20 employees to maintain a claim under the ADEA. *Jackson v. St. Charles Parish Housing Auth. Bd. of Comm'ns*, 441 F. Supp. 3d 341, 361 (E.D. La. Feb. 21, 2020). Plaintiff alleges in his EEOC Charge of Discrimination that Securitas employs 501 people. [doc. #16-2].

14

to state a plausible age discrimination claim, a plaintiff must "set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of his age." *Axmann v. US Anesthesia Partners Holdings, Inc.*, Civ No. 3:22-cv-01635-N, 2023 WL 416420, at *3 (N.D. Tex. Jan. 25, 2023) (quoting *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. July 16, 2012)).

Plaintiff alleges that he was re-assigned and then terminated because of his race and age, that Securitas was aware that his supervisor harassed him because of his age and race, and that Securitas refused to allow him to transfer to another plant despite allowing other similarly situated employees to do so. [doc. #13, p. 1]. Plaintiff also alleges that Johnson "informed new hire employees that they are not to listen to anything I have to say because I am old." [doc. #13, p. 1]. Furthermore, Plaintiff alleges that Johnson changed his work assignment without reason and "continued to harass me up to my last date of employment and was instrumental in orchestrating my termination from the company." *Id.*

At the pleading stage, where the Court must accept Plaintiff's assertions as true, he has plausibly pled sufficient facts to "create the inference that the employment decision and his protected status were not wholly unrelated." *Axmann*, 2023 WL 416420, at *3 (internal quotations omitted); *see also Norris v. Acadiana Concern for Aids Relief Ed. Support*, 421 F. Supp. 3d 399, 407–08 (W.D. La. Sept. 30, 2019) (plaintiff alleged sufficient facts to plausibly allege ADEA discrimination claim). Thus, while bare, Plaintiff's assertions are of the type that support an inference of a causal connection between his termination and protected status. *See Axmann*, 2023 WL 416420, at *3; *see also Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013) (plaintiff's "admittedly bare" allegations were sufficient to state a plausible claim for age discrimination); *Flores v. Select Energy Servs.*, 486 F. App'x 429, 432–33 (5th Cir. 2012) (plaintiff stated a claim

15

where he alleged: (1) that he was fired immediately after a vehicular accident, in contrast with similarly situated younger employees who were not fired after a vehicular accident; and (2) that defendant transmitted an improper job reference); *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" (citation omitted)). Therefore, Plaintiff's ADEA discrimination claim survives dismissal at the 12(b)(6) stage.

4. *Plaintiff's At-Will Status*

Defendants also contend that Plaintiff's allegations fail to alter his at-will status under Louisiana law. The Louisiana Supreme Court recently reiterated the applicable law:

> "The employer-employee relationship is a contractual relationship." *Quebedeaux v. Dow Chem. Co.*, 01-2297, p. 4 (La. 6/21/02), 820 So.2d 542, 545. "As such, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy." *Id.*, 01-2297 at 4-5, 820 So.2d at 545. "When the employer and employee are silent on the terms of the employment contract, the [Louisiana Civil Code] provides the default rule of employment-at-will." *Id.*, 01-2297 at 5, 820 So.2d at 545. "This default rule is contained in LSA-C.C. art. 2747," which has been in the Civil Code since 1808– over 213 years. This code article sets forth the fundamental framework for Louisiana's at-will employment doctrine—which means that, generally, "an employer is at liberty to dismiss an [at-will] employee at any time for any reason." *See Quebedeaux*, 01-2297 at 5, 820 So.2d at 545. Reciprocally, at-will employees are at liberty to leave the employment to seek other opportunities for any reason or no reason at any time.
>
> However, an employer's right to terminate an at-will employee "is tempered by numerous federal and state laws which proscribe certain reasons for dismissal of an at-will employee." *Quebedeaux,* 01-2297 at 5, 820 So.2d at 545. As long as the termination does not violate any statutory or constitutional provisions, the employer is not liable for wrongful termination.

*Hayes v. Univ. Health Shreveport, LLC,* 2021-01601 (La. 1/7/22), 332 So. 3d 1163, 1168–69. Thus, to the extent that Defendants move to dismiss any claims asserted generally for wrongful discharge, it is RECOMMENDED that their Motion to Dismiss be granted, and the claims be

dismissed with prejudice.  To the extent that they move to dismiss Plaintiff's age discrimination claims, however, it is RECOMMENDED that the motion be DENIED.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim upon which relief can be granted [doc. #8], be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim upon which relief can be granted [doc. #16], be **GRANTED IN PART** and **DENIED IN PART** as follows:

Plaintiff's claims against Defendants Teresa Johnson and Eddie Walls should be **DISMISSED WITH PREJUDICE**.  Plaintiff's claims against Securitas for Title VII discrimination, Title VII harassment, Title VII retaliation, ADEA harassment, and ADEA retaliation should be **DISMISSED WITHOUT PREJUDICE**.  Defendants' motion should otherwise be **DENIED**.[11]

**IT IS ORDERED** that Plaintiff's motion to file extra exhibits [doc. #22] is **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[11] Plaintiff's only remaining claim is discrimination under the ADEA against Defendant Securitas.

17

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 24th day of July, 2023.

                                                            KAYLA DYE MCCLUSKY
                                                            UNITED STATES MAGISTRATE JUDGE