UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TOMMY ROBINSON | CIV. ACTION NO. 3:22-06165 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SECURITAS SECURITY ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to prosecute and/or as a discovery sanction filed by Defendant Securitas Security USA, Inc. [doc. #42]. The motion is unopposed.

For reasons assigned below, it is recommended that the motion be GRANTED, and the case DISMISSED WITH PREJUDICE.

## Background

Plaintiff *pro se* Tommy Robinson ("Robinson") filed the instant action on December 9, 2022. [doc. #1]. The controlling pleading was filed on March 9, 2023 ("the Amended Complaint"). [doc. #13]. Defendants named in the Amended Complaint filed a motion to dismiss on March 23, 2023, [doc. #16], which was granted in part and denied in part on August 23, 2023, leaving Securitas Security USA, Inc. ("Securitas") as the lone remaining Defendant. [doc. #30]. In the Amended Complaint, Robinson alleges that Securitas is liable under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*, for age-based discrimination. [docs. #13, 30].

The parties held a Rule 26(f) conference on October 16, 2023. [doc. #42-1, p. 7]; *see also* [doc. #33]. A week later, on October 23, 2023, Securitas served its initial disclosures on

Robinson via U.S. Mail. [doc. #42-1, p. 7]. That same day, Securitas filed a case management report. *Id.*; *see also* [doc. #33]. Robinson had not provided his signature to allow for joint filing. [doc. #42-1, p. 7]; *see also* [doc. #33]. October 23, 2023, was also the due date for Robinson to serve his initial disclosures on Securitas, but he failed to meet that deadline. [doc. #42-1, p. 7].

Seven days later, on October 30, 2023, Robinson moved for an extension to file his proposed case management report. [doc. #35]. This Court granted the motion, ordering Robinson to file his report no later than November 21, 2023. [doc. #36]. Robinson did not file a case management report by that date. [doc. #42-1, p. 7].

On January 19, 2024, Securitas served its first set of interrogatories and requests for production, requests for authorization for release of third-party records, and a request for Robinson's deposition availability. *Id.*; *see also* [doc. #37-2]. These discovery requests were all submitted via (1) Federal Express; (2) Certified Mail; and (3) United States Mail to the address Robinson had identified in this case's docket. [doc. #42-1, pp. 7-8]; *see also* [doc. #37-2]. Thereafter, on January 31, 2024, counsel for Securitas called Robinson at the phone number identified in the docket. [doc. #42-1, p. 8]. Counsel was met with an automated message stating the number dialed could not accept calls at this time. *Id.* The call automatically terminated, preventing counsel from leaving a voicemail. *Id.*

On February 8, 2024, Securitas requested a telephonic status conference to address its inability to communicate with Robinson, [doc. #37], which the Court scheduled for March 4, 2024 ("the March 4 Conference"). [doc. #38]. Prior to March 4, 2024, Robinson did not respond to any of the discovery requests served on January 19, 2024. [doc. #42-1, p. 8]. At the March 4 Conference, Robinson confirmed the mailing address listed in the docket was correct, but advised that the telephone number he had previously provided was incorrect. [doc. #40];

2

[doc. #42-1, p. 8]. Robinson shared his actual phone number, as well as his email address, which had not previously been provided. [doc. #40]; [doc. #42-1, p. 8].

Following the March 4 Conference, the Court ordered Robinson to (1) serve his initial disclosures on Securitas no later than March 25, 2024, and (2) respond to Securitas' discovery requests by April 3, 2024. [doc. #40]. Securitas was also ordered to (1) re-send its discovery requests to Robinson via mail and email and (2) provide Robinson another copy of its initial disclosures. *Id.* Aside from ordering the above action, the Court used the March 4 Conference to explain the discovery process to Robinson and advise him that he must respond to Securitas' discovery requests within thirty (30) days of service. *Id.*

Securitas re-sent its discovery requests to Robinson on March 4, 2024, and provided him another copy of its initial disclosures on March 5, 2024. [doc. #42-1, p. 8]. There is no record evidence that Robinson has ever served his initial disclosures, provided discovery responses, authorized third-party discovery, or provided his availability for a deposition. *Id.*

Securitas filed the instant motion on May 9, 2024. [doc. #42]. Robinson did not file any opposition.

On July 23, 2024, Securitas moved to continue trial and all deadlines, again reiterating that Robinson still had not responded or participated in the discovery process in any way. [doc. #46]. The undersigned granted the motion on July 24, 2024. [doc. #47].

Robinson has made no filings at all since the undersigned held a conference with him and Securitas' counsel.

Briefing is complete. Accordingly, this matter is ripe.

**Discussion**

**I.    Legal Standard**

*a.    Federal Rule of Civil Procedure 41(b)*

Under the Federal Rules of Civil Procedure, if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order," a defendant may move to dismiss the action. FED. R. CIV. P. 41(b). Dismissal is appropriate only upon a showing (1) of a clear record of delay or contumacious conduct by the plaintiff and (2) that lesser sanctions would not serve the best interests of justice. *Gates v. Strain*, 995 F.3d 874, 883 (5th Cir. 2018). As dismissal with prejudice is "an extreme sanction" under this rule, *Nyabwa v. United States Dep't of Def.*, 851 F.App'x 490, 491 (5th Cir. 2021) (per curiam), imposition of this remedy must be supported by a showing of "aggravating factors," such as (1) the extent to which the plaintiff is personally responsible for any delay; (2) the degree of prejudice to the defendant; and (3) whether any delay was intentional. *Gates*, 885 F.3d at 883 (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248. 251 (5th Cir. 1984)).

*b.    Federal Rule of Civil Procedure (37)(b)(2)(A)(v)*

The Federal Rules also allow for sanctions to be imposed on parties that "fail[] to obey an order to provide or permit discovery," including dismissal of an action. FED. R. CIV. P. 37(b)(2)(A)(v). Two criteria must be met for the dismissal sanction to be imposed: (1) the penalized party's discovery violation must be willful and (2) a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

II.  Analysis

Securitas argues that dismissal is merited because Robinson has "demonstrated a clear record of delay and willful, contumacious conduct" and a lesser sanction would neither serve the interests of justice nor deter Robinson from altering his course of conduct. [doc. #42-1, pp. 11-15]. The undersigned first analyzes whether dismissal pursuant to Rule 41 is merited before assessing the propriety of dismissal under Rule 37.

a.  *Dismissal Under Rule 41(b)*

Throughout the instant litigation, Robinson has established a clear record of delay and contumacious conduct. First, Robinson failed – without explanation – to provide his signature for a proposed joint case management report. Then he failed to submit his own case management report and initial disclosures. Next, he received leave to file his case management report out of time, but again failed to file the report. Afterwards, Robinson did not acknowledge service of Securitas' initial discovery requests despite seemly receiving them via three different service methods. He also failed to provide Securitas (and this Court) with an accurate telephone number, thus denying Defendant any means to confirm service of its materials or otherwise effectively communicate with him. In the meantime, Robinson failed to timely respond to Securitas' discovery requests as required by the Federal Rules. At the March 4 Conference, Robinson revealed that some of the contact information presented to Securitas and the Court was inaccurate. In an attempt to avoid further delay, the Court explained Robinson's obligations as a litigant, ordered clear deadlines for discrete actions, and pointed him to relevant resources. Despite this, Robinson did not comply with numerous orders of this Court, failing to file his case management report, respond to Securitas' discovery requests, or propound his initial disclosures. Indeed, Robinson's failure to oppose the instant motion illustrates an unwillingness to fully

5

prosecute this case. The undersigned thus finds that Robinson's actions in this case represent a clear record of delay and contumacious conduct.

This pattern of consistent failure to participate in the litigation process is compounded by various aggravating factors. As Robinson has elected to proceed *pro se*, he is personally responsible for any and all delay caused by his inaction. His failure to notify Securitas of his proper contact information is highly prejudicial as it prevents counsel from meaningfully communicating with Robinson.[1] Furthermore, Robinson's failure to provide initial disclosures, respond to discovery requests, authorize third-party discovery, or make himself available for deposition has created a nearly insurmountable impediment to Securitas' ability to timely prepare for dispositive motions and trial.[2] The repetitive nature of Robinson's failure to comply with the Federal Rules and this Court's orders suggest that his actions are intentional. His attendance at the Rule 26(f) conference and the March 4 Conference at the very least illustrate an awareness – if not an understanding – of his obligations as a litigant. The undersigned finds these aggravating factors weigh in favor of dismissal with prejudice. This finding is in line with the precedent of the Fifth Circuit and this district's courts. *See, e.g.*, *Mathis v. Boomtown Casino-Bossier City*, No. 11-1909, 2013 WL 4433577, at *1 (W.D. La. Aug. 16, 2013) ("[T]he plaintiff was proceeding pro se and thus was personally responsible for the delay by failing to comply with the court's scheduling order . . . ."); *Burns v. Sotak*, No. 06-883, 2007 WL 2407244, at *2 (W.D La. July 23, 2007), *report and recommendation adopted* (W.D. La. Aug. 20, 2007) ("[R]epeated failures [to comply with discovery obligations] warrant a finding that the Plaintiff's

---

[1] This failure also runs afoul of Local Rule 11.1. L.R. 11.1 ("Each attorney and pro se litigant [has] a continuing obligation to promptly notify the court in writing of any address change.").
[2] The deadline for submission of witness lists has already passed. [doc. #41]. Expert reports were due on July 8, 2024. *Id.* Robinson has not provided any of these materials. Discovery closes on July 23, 2024. *Id.*

actions were intentional."); *cf. Porter v. Beaumont Enter. and J.*, 743 F.2d 269, 273-73 (5th Cir. 1984) ("[D]elay between filing a complaint and service of process is viewed as a critically prejudicial delay.").

Finally, the undersigned is unconvinced that a lesser sanction would better serve the interests of justice. Robinson has repeatedly exhibited an inability or unwillingness to comply with the Federal Rules and this Court's orders. This pattern counsels against a third attempt to order Robinson to comply with his preliminary discovery obligations. A remedy short of dismissal carries the high risk of further expenditure of Securitas' resources only to result in a repeat of the current procedural posture. As there is a clear record of delay exhibiting aggravating factors and lesser sanctions would be insufficient to remedy this pattern of behavior, dismissal pursuant to Rule 41(b) is merited.

Accordingly, it is RECOMMENDED that Securitas' motion be granted to the extent it seeks dismissal with prejudice pursuant to Rule 41(b).

b.  *Rule 37(b)(2)(A)(v)*

Securitas also seeks dismissal of the case pursuant to Rule 37(b)(2)(A)(v). [doc. #42]. The first criterion for dismissal under this rule is willful violation of a discovery order. As established *supra*, the record shows that Robinson is aware of his discovery obligations under the Federal Rules and this Court's orders, his failure to comply with these obligations is recurring, and, as a *pro se* litigant, this conduct is entirely attributable to him. Consequently, the undersigned finds that Robinson has willfully violated this Court's previous discovery orders.

The second criterion for dismissing a case pursuant to Rule 37(b)(2)(A)(v) is whether a lesser sanction would not substantially achieve the desired deterrent effect. As described *supra*, the undersigned finds that other remedies will be insufficient to ensure Robinson's timely

7

participation in this case. It is therefore proper to find that this factor weighs in favor of dismissal. Therefore, both factors indicate that dismissal is appropriate. This conclusion is supported by Fifth Circuit precedent, which indicates dismissal under Rule 37 is appropriate in these circumstances. *See, e.g.*, *Pegues v. PGW Auto Glass, LLC*, 451 F.App'x 417, 418 (5th Cir. 2011) ("[I]t was not erroneous for the district court to conclude that the inability to depose the plaintiff prejudiced the defendants' ability to prepare for trial and defend" against the plaintiff's claims, thus justifying dismissal.) (per curiam).

Accordingly, it is RECOMMENDED that Securitas' motion be granted to the extent it seeks dismissal with prejudice pursuant to Rule 37(b)(2)(A)(v).

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Securitas Security USA, Inc.'s motion to dismiss for failure to prosecute and/or as a discovery sanction [doc. #42] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 2nd day of August, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE